UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNALIESE SARNACKI,

                            Plaintiff,

                                              DECISION AND ORDER

                                              11-CV-6543L

                  v.

CITY OF ROCHESTER,

                            Defendant.
_____

       Plaintiff, Annaliese Sarnacki, appearing *pro se*, filed this action against the City of Rochester, New York ("City"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, and the Americans with Disabilities Act, 42 U.S.C. §§ 12112-17. Plaintiff alleges that she is employed by the Rochester Fire Department and that she "ha[s] been moved around in the department with no apparent reason," that she has been subjected to "[d]isparate treatment because of [her] gender as a woman and [her] personal relationship with an African American." She also alleges that she has been "verbally abused and threatened by upper management," and that she has "been treated differently than the men have been." Complaint at 4.

       The City has moved to dismiss the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion.

       Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The complaint in this action was filed on November 2, 2011. Plaintiff (apparently in response to the Court's January 7, 2013 Order to Show Cause, Dkt. #2, why the case should not be dismissed for failure to prosecute) did not file any proof of service until January 16, 2013. That proof, however, consisted only of proof that a copy of the summons was *issued* (but not served) by the Court on November 2, 2011, and that on some unspecified date, plaintiff–who has neither applied for nor received *in forma pauperis* status–sent a copy of the summons to defendant by certified mail, although she has not submitted a copy of a return receipt. *Id.*

Under federal law, a municipal subdivision of a state "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under New York law, service on a city requires the delivery of a copy of the summons to the mayor, comptroller, treasurer, counsel or clerk of the city. C.P.L.R. § 311(a)(3). Failure to strictly comply with this requirement constitutes improper service. *See*, *e.g.*, *Schaeffer v. Village of Ossining*, 58 F.3d 48, 49 (2d Cir. 1995); *Zagger v. County of Suffolk*, No. CV 08-1574, 2010 WL 2671778, at *3-*4 (E.D.N.Y. Apr. 14, 2010), *Report and Recommendation adopted*, 2010 WL 2671765 (E.D.N.Y. June 28, 2010).

The proof of service that plaintiff has filed here is insufficient, for more than one reason. First, there is no proof that the summons and complaint have been delivered to any of the municipal officers set forth in Rule 4(j)(2) or § 311(a)(3). The summons itself is addressed only to the "City of Rochester Law Department." Dkt. #3. Furthermore, there is no showing that defendant was served–properly or improperly–within 120 days after the complaint was filed.

As stated, the court must extend the time for service upon a showing of good cause to the failure to effect timely service. Fed. R. Civ. P. 4(m). A district court also has discretion to grant such an extension even in the absence of good cause, where "the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007), *cert. denied*, 552 U.S. 1243 (2008). In the case

at bar, were plaintiff to attempt to refile her claims, her claims would be time-barred, since more than ninety days have passed since her receipt of a right-to-sue letter from the Equal Employment Opportunity Commission. *See* Dkt. #6-1.

Plaintiff, however, has not submitted any response to the City's motion to dismiss, despite this Court's clear warning that her claims were subject to dismissal if she failed to respond to the motion. *See* Dkt. #7. While the Court is obligated to consider the effect that a dismissal, as opposed to an extension of time to serve, would have upon the parties, *Zapata*, 502 F.3d at 197, plaintiff's failure to even attempt to justify her inadequate and tardy service upon defendant warrants dismissal of her complaint. *See Arndt v. Napolitano*, 495 Fed.Appx. 178, 181 (2d Cir. 2012) (district court was entitled to conclude that plaintiff's failure to effect proper service long after both a general warning from the Court and the filing of a motion to dismiss outweighed the likely practical consequences of a dismissal under Rules 4(m)); *Capistran v. Carbone*, No. 11-CV-2531, 2012 WL 1247117, at *4 (E.D.N.Y. Apr. 13, 2012); *Morales v. New York City Dept. of Corrections*, No. 10-CV-1615, 2011 WL 6707091, at *1-*2 (E.D.N.Y. Nov. 2, 2011), *Report and Recommendation adopted*, 2011 WL 6706107 (E.D.N.Y. Dec. 21, 2011).

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #6) is granted, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 8, 2013.